UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
SAFIYA JACKSON AND DELANO CARTER,

        Plaintiffs,

-against-

THE CITY OF NEW YORK, NYPD POLICE
OFFICER JUSTIN FLORES, TAX REG# 965102, and
NYPD POLICE OFFICERS JOHN DOES NOS. 1, 2, 3,
ETC., (whose identity are unknown but who are known
to be personnel of the New York City Police
Department), all of whom are sued individually and in
their official capacities,

        Defendants.
-------------------------------------------------------------------

25 CV 3387

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, SAFIYA JACKSON and DELANO CARTER, by their counsel, AARON M. RUBIN, hereby allege as follows, upon knowledge as to themselves and their acts, and as to all other matters upon information and belief:

        1.     Plaintiffs bring this action to recover compensatory and punitive damages, attorney's fees and costs, pursuant to 42 U.S.C. § 1983 for violations of their civil rights under the United States Constitution and New York State law caused by the conduct of Defendant police officers and the City of New York.

**PARTIES AND RELATED ENTITIES**

        2.     Defendant CITY OF NEW YORK ("CITY") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department, ("NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW

YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers. Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers.

3. Defendant police officers were employed by the NYPD and acted under color of state law in the course and scope of their duties and functions as agents, employees and officers of the CITY OF NEW YORK. The identity and number of police officers, except for Police Officer Justin Flores, are still unknown. Those who are unknown at this time are being sued as "John Does" until their names can be determined. All of the police officers sued herein are alleged to have acted in both their official and individual capacities.

4. Defendant Police Officer Justin Flores was at all relevant times a City police officer assigned to the NYPD, in particular the 69 Precinct in Brooklyn, and is being sued in his individual and official capacity.

5. Plaintiff Safiya Jackson is a female adult resident of Brooklyn.

6. Plaintiff Delano Carter is a male adult resident of Brooklyn.

**Jurisdiction and Venue**

7. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Plaintiffs also invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their claims brought under New York State law.

9. A notice of claim of Plaintiffs' intent to sue for the violation of their civil rights, including false arrest, false imprisonment, malicious prosecution, and abuse of process, and common law torts, was duly filed with the City of New York on June 14, 2024.

10. Pursuant to New York General Municipal Law § 50-H, the City of New York conducted an examination of Plaintiffs by deposition held on October 24, 2024.

11. To date, the City of New York has not made an offer to settle Plaintiffs' claims.

12. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) because the incident giving rise to the claims took place in Kings County.

13. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**Statement of Facts**

14. On or about March 18, 2024, at around 1:07 a.m., in the area of Avenue L and 80th Street in Brooklyn, Ms. Jackson was in a vehicle driving alone to her birthday party when she was stopped by two police officers in an unmarked car. One of the police officers was Defendant Police Officer Justin Flores, and the identity of the other police officer is not known at this time.

15. Ms. Jackson was stopped by police for no justified or legal cause.

16. Police officers, including police officer Justin Flores, asked Ms. Jackson to exit the vehicle, and she complied.

17. Additional police officers arrived on the scene, whose identities are not known at this time. One of the police officers searched Ms. Jackson.

18. Police handcuffed Ms. Jackson and placed her under arrest.

19. Police charged Ms. Jackson with Grand Larceny in the Fourth Degree, a felony under Penal Law § 155.30(8), Criminal Possession of Stolen Property in the Third Degree, a felony under Penal Law § 165.50, Unauthorized Use of Vehicle in the Second Degree, a felony under Penal Law § 165.06, Criminal Possession of Stolen Property in the Forth Degree, a felony under Penal Law § 165.45(1), and Unauthorized Use of a Vehicle, a misdemeanor under Penal Law § 165.05(1).

20. There was no probable cause or any other legal basis or justification for the arrest charges and Ms. Jackson was not committing nor had committed any of the charged offenses.

21. Ms. Jackson was transported to the police precinct where she underwent further arrest processing and another body search.

22. One of the police officers seized the vehicle and drove it to the precinct.

23. Ms. Jackson was kept in a holding cell in the precinct.

24. While Ms. Jackson and the vehicle were at the precinct, Ms. Jackson's boyfriend Delano Carter appeared at the precinct in an attempt to retrieve the vehicle at approximately 1:30 a.m.

25. Mr. Carter was wearing a neck-brace from a recent unrelated surgery, which he also explained to the officers in the precinct.

26. Police offices at the precinct asked for Mr. Carter's identification, which he showed them.

27. Soon after, police officers in the precinct placed Mr. Carter under arrest and handcuffed him.

28. There was no legal basis or probable cause to arrest Mr. Carter and he was not acting in any illegal manner.

29. Mr. Carter was placed in a holding cell.

30. Mr. Carter was feeling pain from his recent surgery and was taken to the hospital in an ambulance while still handcuffed.

31. Mr. Carter spent several hours at the hospital in the presence of police officers and was then returned to the precinct with shackles on his feet.

32. Mr. Cater was placed in a holding cell again at the precinct.

33. Mr. Carter was transferred to central booking, where he was kept in a holding cell.

34. An officer told Mr. Carter he was then free to leave and he was released from custody in central booking without seeing a judge or any further proceedings.

35. Ms. Jackson was also transferred from the precinct to central booking, where she was held in a holding cell for an additional amount of time.

36. Ms. Jackson was brought before a criminal court judge for arraignment, and a criminal court complaint was filed against her.

37. The complaint charged two violations consisting of Improper Display of Number Plates, under VTL § 402(1)(A), and Unlicensed Operator, under VTL § 509(1).

38. The complaint was signed by Police Officer Justin Flores.

39. Ms. Jackson was released on her own recognizance at the arraignment.

40. On June 5, 2024, all charges were dismissed when Ms. Jackson appeared in court.

41. The conduct by Defendants caused Plaintiffs to suffer loss of liberty, emotional and psychological pain, embarrassment, humiliation, reputational harm, financial loss, and the deprivation of their federal and state Constitutional rights.

## PLAINTIFFS' FEDERAL CLAIMS
## AGAINST DEFENDANT POLICE OFFICERS

42. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

43. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiffs of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

44. The conduct by Defendants was a direct and proximate cause of Plaintiffs' false arrest, unlawful imprisonment, malicious prosecution and abuse of process, all in violation of 42 U.S.C. Section 1983.

## PLAINTIFFS' STATE LAW CLAIMS
## AGAINST DEFENDANT POLICE OFFICERS

45. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

46. The conduct by Defendant police officers amounted to false arrest, false imprisonment, malicious prosecution and malicious prosecution in violation of New York state law.

## PLAINTIFFS' STATE LAW CLAIMS
## AGAINST THE CITY OF NEW YORK

47. Plaintiffs re-allege and incorporate by reference the allegations set forth above.

48. Because Defendant police officers were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable for the violations of civil rights set forth herein, including but not limited to false arrest, false imprisonment, malicious prosecution and abuse of process.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated:   New York, New York
         June 16, 2025

AARON M. RUBIN
Attorney for Plaintiffs

_____/s_____
BY: Aaron M. Rubin, Esq.

99 Wall Street Suite 1130
New York, New York 10016

(212) 725-4600

arubin@amresquire.com